**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANTONIO MARTINEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MONTEREY COUNTY SHERIFFS OFFICE, et al., <br><br> Defendants. | Case No. 18-cv-00475-BLF <br><br> **ORDER GRANTING MONTEREY DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> [Re: ECF 15] |

This case involves the tragic death of inmate Antonio Martinez II ("Mr. Martinez") who died while in the custody of the Monterey County Jail. Mr. Martinez had a long and troubled medical history before he arrived at the Jail, and during the two weeks preceding his death Mr. Martinez's medical condition deteriorated and he became very ill. Mr. Martinez was ultimately rushed to the hospital by jail staff on January 21, 2017, but his life could not be saved. Mr. Martinez's children ("Plaintiffs") now bring suit under 42 U.S.C. § 1983 and several state law causes of action, asserting that jail personnel failed to provide Mr. Martinez adequate medical care, were deliberately indifferent to his serious medical needs in violation of his federal constitutional rights, and breached duties owed to him under state law.

Before the Court is Defendants County of Monterey ("County") and Monterey County Sheriff's Office's ("Sheriff's Office") (collectively "Monterey Defendants") motion to dismiss Plaintiffs' first, second, third and fourth causes of action in the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 15.[1] The Court held a hearing on the Monterey Defendants' motion to dismiss on May 17, 2018. For the reasons that follow as well as those stated on the record at the hearing, the Monterey Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

---

[1] Defendant California Forensic Medical Group, Inc. ("CFMG") filed an Answer to the Complaint. ECF 16.

## I. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. DISCUSSION

As pled, the allegations in Plaintiffs' Complaint amount to a medical malpractice claim, but do not form the basis of a civil rights action against the Monterey Defendants for deliberate indifference.[2] In the first cause of action for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, Plaintiffs allege that Defendants have a policy and practice of failing to provide adequate medical care to prisoners, and were deliberately indifferent to the fact that Mr. Martinez needed medical care when he was incarcerated, resulting in his death. *See* Compl. ¶ 34, ECF 1.

"The Eighth Amendment protects inmates from cruel and unusual punishment, which includes the denial of medical care." *Conn v. City of Reno*, 591 F.3d 1081, 1094 (9th Cir. 2009). The Supreme Court has emphasized that, "[j]ust as a prisoner may starve if not fed, he or she may suffer or die if not provided adequate medical care. A prison that deprives prisoners of basic

---

[2] Plaintiffs do bring a medical malpractice claim against CFMG in their Fifth Cause of Action, but that claim is not the subject of this motion to dismiss brought by the Monterey Defendants.

2

sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." *Brown v. Plata*, 563 U.S. 493, 510–11 (2011). In order to state a cognizable § 1983 claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a high legal standard," and a showing of medical malpractice or mere negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Municipalities such as the Monterey Defendants are "persons" under 42 U.S.C. § 1983 and may be liable for causing a constitutional deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents. *Id.* at 694. In this case, that means that the Monterey Defendants do not take on responsibility for constitutional injuries inflicted by their deputies. Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible. *Id.*

To bring a valid § 1983 claim against the Monterey Defendants for a violation of Mr. Martinez's Eighth Amendment rights based on inadequate medical care, Plaintiffs must plausibly allege facts that the Monterey Defendants had a policy or practice that was the "moving force" behind the alleged constitutional violation. 436 U.S. at 694. The Court is perplexed by Plaintiffs' current theory against the Monterey Defendants under § 1983, in part because the Complaint does not name a single deputy who is alleged to have committed a constitutional violation underlying the *Monell* claim. Moreover, the Court cannot draw a plausible inference that the contract itself between the Monterey Defendants and CFMG was unconstitutional.

As stated on the record, Plaintiffs' deliberate indifference claim under § 1983 against the Monterey Defendants lacks factual specificity and requires amendment in order to proceed. For similar reasons, Plaintiffs' second, third, and fourth causes of action against the Monterey Defendants under state law are deficient and require further factual pleading regarding the alleged failure to summon medical care in this case.

3

**III. ORDER**

For the foregoing reasons as well as those stated on the record at the May 17, 2018 hearing, IT IS HEREBY ORDERED that:

(1) The Monterey Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND;

(2) Plaintiffs shall file a First Amended Complaint **on or before June 18, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order and at the May 17, 2018 hearing will result in dismissal of Plaintiffs' claims against the Monterey Defendants with prejudice.

Dated: May 17, 2018

_____
BETH LABSON FREEMAN
United States District Judge